UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MONROE CURTIS,

      Petitioner,

v.                                Civil Action No. 08 0067

MICHAEL B. MUKASEY, *et al.*,

      Respondents.

## MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus and application to proceed *in forma pauperis*.

Petitioner asserts that Title 18 of the United States Code is invalid. It follows, he argues, that his conviction in and the sentence imposed by the United States District Court for the Western District of Oklahoma is unlawful because that court had no authority to prosecute, sentence, convict, or imprison him. A claim of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

1

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added).  Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

The Court therefore will dismiss the petition without prejudice.  An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ Reggie B. Walton
United States District Judge

Date: December 26, 2007

2